UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY LYNN GALLO,

    Petitioner,                                        Case No. 1:02-cv-297

v                                                     Hon. Wendell A. Miles

KURT JONES,

    Respondent.

_____/

ORDER ON PETITIONER'S MOTION FOR RECONSIDERATION

On May 31, 2005, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") recommending that Jerry Lynn Gallo's petition for writ of habeas corpus be denied. On July 28, 2005, the court entered an Order adopting the R & R and a Judgment denying the petition. The matter is now currently before the court on Petitioner's Motion for Reconsideration (docket no. 46). For the following reasons, the court **denies** the motion.

**Discussion**

Motions for reconsideration filed within ten days after entry of the district court's final judgment are generally treated as motions to alter or amend judgment under Fed.R.Civ.P. 59(e). Cockrel v. Shelby County School Dist., 270 F.3d 1036, 1047 (6th Cir. 2001). In determining

whether a motion filed under Rule 59(e) is timely, intermediate weekends and holidays are to be excluded. Benzon v. Morgan Stanley Distributors, Inc., 420 F.3d 598, 613 (6th Cir. 2005); Johnson v. Unknown Dellatifa, 357 F.3d 539, 542 (6th Cir. 2004). In addition, because petitioner is incarcerated and acting *pro se*, his motion is deemed to be filed at the moment he delivered it to prison authorities for mailing to the district court. See Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 2385 (1988).

Petitioner's motion was received by the court on August 23, 2005, but it was presumably given to prison authorities for mailing on August 18, 2005 – the date which petitioner lists on his proof of service accompanying the motion. However, even if intervening weekend days are excluded pursuant to Fed.R.Civ.P. 6(a), the 10-day time period provided by Rule 59(e) expired on August 11, 2005. Therefore, plaintiff's motion is untimely as a motion under Rule 59(e). Because plaintiff's motion was not filed within the ten-day period required by Rule 59(e), the court denies as untimely plaintiff's request for reconsideration to the extent that it may be premised on that rule.

However, a motion untimely under Rule 59(e) may still be considered as a motion under Fed.R.Civ.P. 60(b). See Peake v. First Nat'l Bank and Trust Co. of Marquette, 717 F.2d 1016, 1020 (6th Cir. 1983) (approving the district court's decision to construe motion for reconsideration, untimely under Rule 59(e), as a motion under Rule 60(b)). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of [his] case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." Lewis v.

2

Alexander, 987 F.2d 392, 396 (6th Cir. 1993).  These reasons include

>   (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b); Johnson, 357 F.3d at 542-543.

In his motion, petitioner argues that the court should vacate the judgment and reconsider its ruling because the court did not properly conduct a *de novo* review of the R & R.  Petitioner contends that the court's Order adopting the R & R indicates that the court reviewed only the R & R and petitioner's objections and not the entire record in the case.  Because plaintiff's motion does not expressly invoke any of the grounds listed in Rule 60(b), it is unclear why he believes that the supposed application of an incorrect standard of review warrants a re-opening of his underlying petition.

Title 28 U.S.C. § 636(b)(1) provides in pertinent part as follows:

Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

In its Order adopting the R & R, the court sufficiently complied with section 636(b)(1), which requires the court to "make a de novo determination of those portions of the report . . . to

which objection is made." Washington v. Estelle, 648 F.2d 276, 282 (5th Cir. 1981). In addition, petitioner does not, in his current motion, show how he was prejudiced by the court's supposed failure to conduct a full review of the entire record. Petitioner does not contend that any portion of the R & R to which he objected is factually incorrect, and his motion points to no particular part of the record which would require a different result or justify relief from the operation of the judgment. Under the circumstances, the court denies petitioner's motion to the extent that it may be viewed as one under Rule 60(b).

Entered this 8th day of December, 2005.

/s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge